IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TAMMY BISHOP, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-250 |
| | § | |
| KEVIN K. McALEENAN, | § | |
| SECRETARY, U.S. DEPARTMENT | § | |
| OF HOMELAND SECURITY, | § | |
| | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES, Tammy Bishop, ("Plaintiff" or "Bishop") in the above entitled and numbered cause, and files this Plaintiff's Original Complaint and Demand for Jury Trial, complaining of Kevin K. McAleenan, Secretary, U.S. Department of Homeland Security (hereinafter referred to as "Defendant", "the Agency" or "U.S. Customs and Border Protection"), and in support thereof respectfully shows the Court the following:

### I.  PARTIES, JURISDICTION AND VENUE

1.  The Court has federal question jurisdiction pursuant to 28 U.S.C. §1332 due to this is a civil action arising under federal law, and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

2.  Plaintiff is a citizen of the United States and a resident of Presidio, Texas. Plaintiff has been subjected to unlawful employment practices committed within Presidio, Texas. Defendant

U.S. Customs and Border Protection is a federal agency who operates in El Paso County and therefore, venue is proper in the Western District of Texas per 28 U.S.C. §1391(c).

3. Defendant, Kevin K. McAleenan, Secretary, U.S. Department of Homeland Security ("Defendant", "the Agency" or "U.S. Customs and Border Protection"), at all relevant times, Defendant has continuously been a Federal Agency of the United States. Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216-5597; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to William Barr, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Secretary Kevin K. McAleenan, Department of Homeland Security, Washington, D.C. 20528.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed a formal complaint of discrimination. Such filing was within at least 45 days of the last act of which he complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, pursuant to Title VII of the 1964 Civil Rights Act (Title VII) and Age Discrimination in Employment Act of 1967. More specifically, Plaintiff, Tammy Bishop, alleges that she was discriminated against because of her gender (female), age (DOB: April 6, 1961) and retaliated against due to her protected activity.

5. On April 30, 2013, Plaintiff initiated contact with an Equal Employment Opportunity (EEO) Counselor. On June 5, 2013 CBP notified Plaintiff of the conclusion of EEO counseling and her right to file a formal complaint. On June 6, 2013, Plaintiff file the formal complaint at issue. On

October 22, 2013 CBP forwarded Plaintiff a copy of the Investigative File providing her with notice of her right to request a hearing before an EEOC Administrative Judge or, alternatively, to receive a Final Agency Decision.  On or about October 30, 2019, Plaintiff requested a hearing before an EEOC Administrative Judge.  On or about September 15, 2015, pursuant to Plaintiff's request to withdraw from the hearing process, the Administrative Judge assigned to her complaint remanded the matter to Civil Rights and Civil Liberties for issuance of a Final Agency Decision.  The same day, Civil Rights and Civil Liberties received a copy of the Administrative Judge's order.  On or about November 4, 2015, after having reviewed the Investigative File, Civil Rights and Civil Liberties notified CBP that it needed to conduct a supplemental investigation to properly address the Plaintiff's claim.  On or about December 31, 2015, CPB notified Civil Rights and Civil Liberties that it had completed the supplemental investigation and that the Investigative File was ready for issuance of a Final Agency Decision.  On or about June 9, 2016, the Agency issued its final decision without a hearing stating that Defendant did not discriminate against Plaintiff when she was not selected for the Supervisory CBP position.  Plaintiff timely appealed the decision.

      6.      On or about June 5, 2018, EEOC's Office of Federal Operations issued a decision reversing the Civil Rights and Civil Liberties Final Agency Decision and remanding the matter to the Agency for further remedial action.  On or about July 5, 2018, the Agency received Plaintiff's petition for attorney's fees and costs.  On or about July 10, 2018, the Agency petitioned the Office of Federal Operations, requesting reconsideration of the June 5, 2018 decision.  On or about August 10, 2018 the Agency notified Plaintiff that the matters of compensatory damages, attorneys fees and costs and other relief would be held until the Office of Federal Operations rendered a decision on the request for consideration.  On or about September 27, 2018, the Office of Federal Operations issued a decision denying the CBP's request for reconsideration.  On or about November 15, 2018, Plaintiff

submitted a Request for Compensatory Damages. On or about November 20, 2018, CBP submitted a response to Plaintiff's submission for attorneys fees and costs. Again, on or about December 13, 2018, CBP submitted a response to Plaintiff's requests for compensatory damages due to the Civil Rights and Civil Liberties not being able to adjudicate EEO complaints from December 22, 2018 to January 26, 2019 due to the lapse in appropriation funding for DHS.

7. On or about June 11, 2019, the Agency issued its Decision on Compensatory Damages and Attorney Fees and Costs in the matter. Notice in that Final Decision stated that Plaintiff had 90 days to file a civil action to appeal this decision. Pursuant to 42 USCS § 2000e-16(c), Plaintiff has filed this complaint and appeal to the award within 90 days of the Final Decision on Compensatory Damages and Attorney's Fees. Plaintiff timely seeks review of the disposition of her administrative complaint and requests relief denied in the Final Decision on Compensatory Damages and Attorney's Fees by CRCL.

### III.  FACTUAL BACKGROUND

8. This is a discrimination case filed by Tammy Bishop. Bishop was not selected for promotion and has suffered discrimination because of her age (DOB: in 1961), gender (female), and reprisal (prior EEO activity).

9. During the relevant time period, CBP employed Plaintiff as a Customs and Border Protection Officer (CBPO), GS-12 at the Presidio Port of Entry (POE) in Presidio, Texas.

10. On or about June 2012, CBP issued an annual advertisement for the position of Supervisory Customs and Border Protection Officer (SCBPO), GS-13, under Vacancy Announcement Number MHCMP-663068-IC. According to the Vacancy Announcement, individuals interested in being considered for the SCBPO position during the year ending May 30, 2013, had to submit an application by June 29, 2012.

11. According to the Vacancy Announcement, competitive candidates, who had not yet attained that grade of GS-13, needed to have a current CBPO promotional assessment test score. Non-competitive candidates, GS-13s and above, did not need a current test score.

12. After reviewing the applications of individuals who requested consideration for placement at the Presidio Port of Entry, CBP's Minneapolis Hiring Center (MHC) determined that Complainant and nine other competitive Presidio candidates were eligible and best qualified for the position. The MHC also determined that one Presidio candidate was eligible for non-competitive placement.

13. The MHC developed two lists of certified candidates: the competitive list ranked the 10 best qualified competitive candidates by their promotional assessment test scores, and the non-competitive list contained the name of the Presidio candidate eligible for non-competitive placement.

14. The following candidates were on the initial lists of certified candidates:

| Candidate | Commuting Area of Current Residence | Competitive Status | Promotional Assessment Test Score Ranking | Sex | Year of Birth |
|---|---|---|---|---|---|
| N1 | Del Rio, Tex. | Non-competitive | N/A | Female | 1962 |
| C1 | Presidio, Tex. | Competitive | 1 (Highest) | Male | 1989 |
| C2 | York, Pa. | Competitive | 2 | Male | 1978 |
| C3 | Kennesaw, Ga | Competitive | 3 | Male | 1978 |
| C4 | Powers Lake, N.D. | Competitive | 4 | Male | 1971 |
| C5 | El Paso, Tex. | Competitive | 5 | Male | 1963 |
| C6 | Presidio, Tex. | Competitive | 6 (tie) | Male | 1972 |
| C7 | Laredo, Tex. | Competitive | 6 (tie) | Female | 1975 |
| C8 | Unknown | Competitive | 8 | Female | 1962 |
| C9 | Presidio, Tex. | Competitive | 9 | Male | 1965 |
| Plaintiff | Presidio, Tex. | Competitive | 10 (Lowest) | Female | 1961 |

15. For the Presidio Port of Entry, S1 (male, born in 1950, EEO activity status unknown), detailed as the Acting Director of Field Operations at CBP's El Paso Field Office during the relevant

timeframe, was the selecting official for the Vacancy Announcement.

16. R1 (male, born in 1963, EEO activity status unknown), the Acting Presidio Port Director from May 2012 to September 2012, was the recommending official during his tenure as Acting Port Director.

17. R2 (male, born in 1955, prior EEO activity) became the recommending official when he became Presidio Port Director in November 2012.

18. On or about August 1, 2012, the MHC issued the two lists of certified candidates to management at the El Paso Field Office and the Presidio Port of Entry.

19. On or about August 30, 2012, R1 recommended N1 and Plaintiff for the position.

20. On or about November 13, 2012, after S1 failed to take action by the deadlines indicated on the lists of certified candidates, the MHC issued two updated lists of certified candidates. For an unknown reason, C8 was not on the updated competitive list, while the remainder of the list remained the same. The updated non-competitive list was unchanged.

21. On or about November 15, 2012, S1 selected N1. However, when N1 later declined the position, S1 asked for additional recommendations.

22. On or about December 13, 2012, R2 recommended C4, C9 and Plaintiff for the position.

23. For an unknown reason, S1 did not receive R2's recommendation memorandum.

24. On or about March 7, 2013, after learning that S1 had not made a selection, R2 issued memoranda recommending C1 and C9.

25. On or about April 11, 2013, after S1 failed to take action by the deadline indicated on the competitive list of certified candidates, the MHC issued two new updated lists of certified candidates. For an unknown reason, C4 was not on the new updated competitive list, while the

remainder of the list remained the same. The new updated non-competitive list was unchanged.

26. R1 renewed his March 2013 recommendation that S1 selected C1 and C9.

27. On or about April 16, 2013, S1 selected C1 and C9.

28. On or about June 2014, S1 selected Plaintiff for a GS-13 SCBPO position pursuant to a competitive selection process associated with a subsequent vacancy announcement. Plaintiff accepted the position, and her promotion was effective July 27, 2014.

## IV. CLAIMS

### A. Age Discrimination

29. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 28 above.

30. Plaintiff will show that U.S. Customs and Border Protection aforementioned conduct violates, Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq*., as amended ("ADEA"). U.S. Border Patrol failed to select Plaintiff because of her age.

31. As a direct and proximate result of U.S. Customs and Border Protection conduct as set forth herein, Plaintiff has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court. Plaintiff will show that U.S. Customs and Border Protection conduct as alleged herein was intentional and U.S. Customs and Border Protection acted with reckless indifference to Plaintiff's protected rights entitling her to compensatory and punitive damages.

### B. Gender Discrimination

32. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 31 above.

33. Plaintiff will show that U.S. Border Patrol's aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a), *et seq.* and Title I of the Civil Rights Act of 1991, and 42 U.S.C. §1981a.  U.S. Border Patrol failed to promote Plaintiff because her gender.

34. As a direct and proximate result of U.S. Border Patrol's conduct as set forth herein, Plaintiff has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.  Plaintiff will show that U.S. Border Patrol's conduct as alleged herein was intentional and U.S. Border Patrol acted with reckless indifference to Plaintiff's protected rights entitling her to compensatory and punitive damages.

### C. **Retaliation**

35. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 34 above.

36. Plaintiff will show that U.S. Customs and Border Protection aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a), *et seq.* and Title I of the Civil Rights Act of 1991, and 42 U.S.C. §1981a.  U.S. Customs and Border Protection failed to promote Plaintiff because of retaliation.

37. As a direct and proximate result of U.S. Customs and Border Protection conduct as set forth herein, Plaintiff has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.  Plaintiff will show that U.S. Customs and Border Protection conduct as alleged herein was intentional and U.S. Customs and Border Protection acted with reckless indifference to Plaintiff's protected rights entitling her to compensatory and punitive damages.

**D.    Attorneys' Fees and Costs**

38.    Bishop incorporates by reference all of the allegations set forth in paragraphs 1 through 37 above.

39.    Plaintiff seeks recovery of her reasonable and necessary attorneys' fees and all costs of court incurred herein.

## V.  CONDITIONS PRECEDENT

40.    Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 39 above.

41.    Bishop would show that all conditions precedent to her lawful recovery herein have been performed or occurred.

## VI.  DENOVO REVIEW REQUESTED

42.    Plaintiff seeks de novo review of her claims and not enforcement of the Civil Rights Civil Liberty's final order.  When a federal agency issues a notice of final action to a federal employee alleging employment discrimination, the claimant may seek de novo review of the disposition of their administrative complaint by filing a civil action in district court within 90 days. 42 U.S.C.S. § 2000e-16(c).  Although the claimant also has the option of appealing the final action to the Equal Employment Opportunity Commission before filing a civil action, 29 C.F.R. § 1614.401(a), that is not required.  *Farrell v. Principi*, 366 F.3d 1066, 1066 (9th Cir. Or. 2004). Compliance with the administrative procedures set forth in 29 C.F.R. § 1614.504 is not required when the claimant seeks review of the disposition of her administrative complaint, rather than enforcement of a final action. 29 C.F.R. § 1614.504(a); *See also Farrell*, 366 F.3d at 1066.

## VII.  JURY DEMAND

43.    Plaintiff requests a jury trial.

# VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear herein, and that upon final hearing she be provided the following relief:

(i) Front pay and back pay within the jurisdictional limits of the Court;
(ii) Compensatory damages;
(iii) Punitive damages;
(iv) Pre-judgment and post-judgment interest at the highest rates allowed by law;
(v) All reasonable and necessary attorneys' fees incurred as specified herein;
(vi) All costs of court;
(vii) Seeks de novo review of her claim; and
(viii) Such other and further relief, at law or in equity, to which Plaintiff would show she is justly entitled.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

By:   */s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com
**JONATHAN L.R. BAEZA**
State Bar No. 24092066
jonathan@martinezlawyers.com
**ATTORNEYS FOR PLAINTIFF**